UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION
d/b/a Burlington Coat Factory #825 and
GRI-EQY (AIRPARK PLAZA) LLC

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Burlington Coat Factory Warehouse Corporation doing business as Burlington Coat Factory #825 and Defendant GRI-EQY (Airpark Plaza) LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Burlington Coat Factory Warehouse Corporation (also referenced as "Defendant Burlington Corp," "operator," lessee" or "co-Defendant") is a foreign corporation registered in Florida and is an American national off-price department store retailer, with its corporate headquarters located in Burlington Township, New Jersey. Burlington Corp is the third largest off-price retailer after TJX Companies and Ross Stores. Burlington Coat Factory Warehouse Corporation is a NASDAQ public company on the Russell 1,000 component.

6. Defendant GRI-EQY (Airpark Plaza) LLC (also referenced as "Defendant Airpark Plaza," "lessor," "owner," or "co-Defendant") is a foreign limited liability company licensed to transact business in Florida and is the owner of real property located at 5737 NW 7 Street, Miami Florida, 33126. This real property is further identified as Folio 01-3051-006-0010 and has been built out as a mixed-use community shopping center. Defendant Airpark Plaza leases its community shopping center (in part) to public accommodations including (but not limited to) Office Depot, Domino's Pizza, Casa Juan restaurant, a UPS Store, and a Publix Supermarket.

7. Defendant Airpark Plaza also leases a portion of its community shopping center at 5737 NW 7th Street to co-Defendant Burlington Corp, who in turn operates its Burlington Coat Factory #825 retail store within that leased space.

## FACTS

8. At all times material hereto, Defendant Burlington Corp has been operating its Burlington Coat Factory #825 retail store within co-Defendant Airpark Plaza's community shopping center property.

9. Since Burlington Coat Factory #825 is open to the general public, it is classified as a place of public accommodation pursuant to 42 U.S.C. §12181(7)(E) as an "other sales or rental establishment." Burlington Coat Factory #825 is also referenced as "Burlington Coat Factory store," "(retail) store," and/or "place of public accommodation."

10. At all times material hereto, Defendant Burlington Corp was (and is) a company owning and operating retail establishments under the "Burlington Coat Factory" brand which are open to the public. Each Burlington Coat Factory store (including the 5737 NW 7th Street location) is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. §36.104(5).

11. As the operator of Burlington Coat Factory stores which are open to the public, Defendant Burlington Corp is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a hardware store; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

12. Plaintiff went to the Burlington Coat Factory #825 store, on May 13, 2021 Plaintiff to shop. While shopping, Plaintiff had occasion to go to the restroom and upon

entry, Plaintiff met multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

13. Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access by the operator/lessee of that Burlington Coat Factory store (Defendant Burlington Corp) and by the owner/lessor of the commercial property which houses the Burlington Coat Factory store (Defendant Airpark Plaza).

14. Since Defendant Burlington Corp as 740 stores in forty of the United States and Puerto Rico, it is well aware of the ADA and the need to provide for equal access in all areas of its retail stores. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Burlington Coat Factory #825 store is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

15. As the owner of commercial real property which is operated as a community shopping center open to the public, Defendant Airpark Plaza meets the definition of a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On information and belief, as an investor and owner of a large parcel of commercial property being used as a public accommodation, Defendant Airpark Plaza is aware of the ADA and the need to provide for equal access in all areas of its commercial property which is open to the public. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its commercial property which houses the Burlington Coat Factory #825 store is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize the Burlington Coat Factory store located at 5737 NW 7th Street, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the Burlington Coat Factory #825 store, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

23. Defendant Burlington Corp (operator of Burlington Coat Factory #825 store) and Defendant Airpark Plaza (owner/lessor of the commercial property housing that store) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq*. by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Burlington Coat Factory #825 store.

25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. The commercial space which is owned by Defendant Airpark Plaza is leased to Defendant Burlington Corp who in turn operates a Burlington Coat Factory store at that location. This commercial space is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the lessor and the lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant Burlington Corp (lessee/operator) and Defendant Airpark Plaza (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door, as the amount of force required to open the door requires excessive weight/force to open. This is in violation of Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards for Accessible Design. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. Section 404.2.7 states that operable parts on doors and gates must comply with 309.4 and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum for interior doors (such as restroom doors).

   ii. As to Defendant Burlington Corp (lessee/operator) and Defendant Airpark Plaza (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG, and Section §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

   iii. As to Defendant Burlington Corp (lessee/operator) and Defendant Airpark Plaza (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided

       due to the encroaching item (trash can). The fact that the trash bin is encroaching over the accessible water closet clear floor space is a violation of Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards for Accessible Design.

iv. As to Defendant Burlington Corp (lessee/operator) and Defendant Airpark Plaza (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance as the paper towel dispenser is mounted over the side wall grab bar which infringes on the required space. This is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design.

v. As to Defendant Burlington Corp (lessee/operator) and Defendant Airpark Plaza (owner/lessor of the property) (jointly and severally), Plaintiff could not use the seat cover dispenser without assistance, as it is mounted behind the water closet and out of reach for Plaintiff due to his disability. This is a violation of Section 4.2.5 at Fig. 5(b) of the ADAAG and Section 308.2.1 of the 2010 ADA Standards for Accessible Design. Generally, the standards which require dispensers such as a seat cover dispenser be placed so that the maximum high forward reach is 48 in (1220 mm) and the minimum low forward reach is 15 in (380 mm) (see Fig. 5(a)). However, in this instance, due to the obstruction (of the toilet) to the seat cover dispenser, since the high forward reach is over an obstruction, Section 4.2.5 states that reach and clearances must meet those shown in Fig. 5(b), so that the maximum high forward reach is 46 in (1170 mm) and the minimum low forward reach is 34 in (865 mm).

    vi.    As to Defendant Burlington Corp (lessee/operator) and Defendant Airpark Plaza (owner/lessor of the property) (jointly and severally), Plaintiff could not exit the accessible stall area without assistance, as the required maneuvering clearance on the pull side of the door is not provided. This is a violation of 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

    vii.    As to Defendant Burlington Corp (lessee/operator) and Defendant Airpark Plaza (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes and water supply lines are not completely wrapped, which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

28.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the Burlington Coat Factory #825 store commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

29.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the retail

store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant GRI-EQY (Airpark Plaza) LLC (owner and lessor of the commercial property) and Defendant Burlington Coat Factory Warehouse Corporation (operator of the Burlington Coat Factory store located within that leased space) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the 5737 NW 7th Street commercial property and the Burlington Coat Factory store located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 6th day of July, 2021.

                Respectfully submitted,

                */s/ J. Courtney Cunningham*
                J. Courtney Cunningham, Esq.
                J. COURTNEY CUNNINGHAM, PLLC
                FBN: 628166
                8950 SW 74th Court, Suite 2201
                Miami, Florida 33156
                Telephone:  305-351-2014
                Email: cc@cunninghampllc.com
                *Counsel for Plaintiff*